## Commonwealth *versus* Hauck.

A foot pavement laid by an individual lot-owner in an unincorporated village along the line of his lot, which projects seven and a half feet into the public highway, and the placing by said lot-owner of six trees and two hitching-posts along the outer edge of said pavement, do not constitute a public nuisance per se, and such acts, in the absence of evidence to show that they create an unreasonable obstruction to the carriage-way, will not support an indictment for committing and maintaining a public nuisance.

May 11th 1883. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY and GREEN, JJ. STERRETT and CLARK, JJ., absent.

ERROR to the Court of Quarter Sessions of *Cumberland county:* Of January Term 1883, No 4.

Indictment of Dr. J. H. Hauck for committing and maintaining a public nuisance in obstructing a public highway. Plea, not guilty.

The jury found the following special verdict: "Boiling Springs is a village, unincorporated, containing five hundred inhabitants. Third street, as shown by the plan, was laid out and dedicated, by Dr. Kauffman, to public use as a street and public highway, over twenty years ago. As opened and dedicated it was thirty-six feet wide. The defendant, Hauck, who owns a house built within six inches of the line of this street, put in curbstones and laid a pavement eight feet wide, being seven and one-half feet into the highway, along his house and lot, and planted six trees and put in two hitching-posts along the outside edge of the pavement. If this amounts to a nuisance in law, then we find the defendant guilty in manner and form as he stands indicted; if not, then not guilty, and the county to pay the costs."

The court (in an opinion by HERMAN, P. J.) directed that a verdict and judgment of not guilty should be entered. The Commonwealth thereupon took this writ of error, assigning for error the entry of the said judgment.

*S. Hepburn* (with him *S. Hepburn, Jr.* and *J. W. Wetzel*), for the plaintiff in error.

*W. F. Sadler* (*S. M. Leidich,* with him), for the defendant in error.

The opinion of the court was filed May 21st 1883.

PER CURIAM. Under the facts found by the special verdict there is no error in the judgment entered thereon. There was no such violation of the rights of the public in the highway as to constitute a nuisance per se. Footmen have rights and are

[Long *v.* McLanahan.]

entitled to conveniences as well as those who travel in wagons. The right to use a foot-way implies a right to reasonably improve it in such manner as not to unreasonably obstruct the wagon-way. Every obstruction in a highway is not necessarily a public nuisance: Addison on Torts, sec. 121; King *v.* Russell, 6 B. & C. 566; City of Allegheny *v.* Zimmerman, 14 Norris 287.

This road was in an unincorporated village. The right to construct sidewalks therein appears to be distinctly recognized by the Act of 6th April 1868, Purd. Dig. 1285, pl. 109, which imposes a penalty for the improper use thereof.

Judgment affirmed.