## Commonwealth *v.* Jackson, Appellant (No. 2).

*Boroughs—Ordinances—Police power—Taxation—Distributing adver- tisements.*

A borough has no power to enact an ordinance providing "that no person shall distribute any handbills or other advertising matter in the borough without having previously procured a license so to do from the chief of police of said borough, which license shall be issued to the party applying for the same on the payment of $5.00 per day." The ordinance is invalid because, first, it is an attempt to impose an unrea- sonable annual tax, under the guise of a police regulation, and, second, it is not a proper exercise of the police power, because it prohibits all distribution of advertisements, irrespective of their subject-matter, and manner of distribution.

Argued April 8, 1907. Appeal, No. 179, April T., 1907, by defendant, from judgment of Q. S. Allegheny Co., Sept. T., 1906, No. 91, affirming judgment of burgess in case of Com- monwealth, Borough of Wilmerding, v. Ralph Jackson. Be- fore RICE, P. J., MORRISON, HENDERSON, HEAD and BEA- VER, JJ. Reversed.

Appeal from summary conviction.
The facts are stated in the opinion of the Superior Court.

*Error assigned* was the judgment of the court.

*J. A. Wakefield,* for appellant.—The ordinance is invalid: Commissioners v. Northern Liberties Gas Co., 12 Pa. 318; Liv- ingston v. Wolf, 136 Pa. 519; New Hope Borough v. Tele- graph Co., 16 Pa. Superior Ct. 306; People v. Armstrong, 73 Mich. 288 (41 N. W. Repr. 275); Frazee's Case, 63 Mich. 396 (30 N. W. Repr. 72); Carrollton v. Bazzette, 159 Ill. 284 (42 N. E. Repr. 837); Wan Yin, 22 Fed. Repr. 701.

*William A. Jordan,* with him *S. M. Myers,* for appellee, cited: Philadelphia v. Brabender, 17 Pa. Superior Ct. 331; s. c. 201 Pa. 574; McQuillin on Municipal Ordinances, pages 729 and 783; Livingston v. Wolf, 136 Pa. 519.

OPINION BY RICE, P. J., October 7, 1907 :

The first section of the ordinance under which the defendant was convicted provides, "that no person shall distribute any handbills or other advertising matter in the borough of Wilmerding without having previously procured a license so to do from the chief of police of said borough, which license shall be issued to the party applying for the same on the payment of $5.00 per day." The second section provides that anyone violating the provisions of the ordinance shall, on conviction, pay a fine of not less than $5.00 nor more than $100, and costs, and in default of payment shall be imprisoned, either in the lockup for a period not exceeding five days, or, in the discretion of the burgess or justice of the peace, in the county jail for thirty days. According to the transcript of the proceedings before the burgess, the act for which the defendant was adjudged to pay a fine of $5.00 and costs or undergo an imprisonment for ten days in jail was "passing advertising matter in houses on Westinghouse avenue" in the borough without having procured a license so to do.

The power of this borough to require those who desire to distribute advertising matter therein to procure a license, and to pay a fee for the privilege, is not expressly conferred by any general or local statute. If the borough has the power to prohibit the distribution, except by its licensee, of advertising matter within its limits, it is implied in the general power of boroughs to enact such ordinances as the corporate officers shall deem necessary for the good order and government of the borough, or in one or more of the powers specifically enumerated in section 2 of the Act of April 3, 1851, P L. 320. Therefore, assuming for the moment that the regulation of the distribution of advertising matter generally is within the implied powers of a borough, the ordinance relating thereto must be reasonable and for the common benefit, and must not be oppressive: Commissioners v. Northern Liberties Gas Co., 12 Pa. 318. Whether it is so or not is a question for the court, and in determining it the court will have regard to all the circumstances of the particular borough, the objects sought to be attained, and the necessity which exists for the ordinance : 1 Dill. Mun. Corp. sec. 327 ; Kneedler v. Borough of Norristown, 100 Pa. 368.

If the mode adopted for the regulation of the distribution of advertising matter, whether as a business or as a single act, be by license, the fee exacted for the license must be reasonable, and the amount of it must not be fixed with a view to revenue or to prohibition. " The form in which the charge is imposed or the name by which it is designated does not conclusively determine the character of the charge : Braddock v. Allegheny County Telephone Co., 25 Pa. Superior Ct. 544. If it is in reality an annual tax, under the guise of a police regulation, and is imposed for revenue only, the municipality must show some express legislative authority to impose it. We are not bound to uphold an ordinance adopted ostensibly as a police measure but used as a mere subterfuge for the purpose of raising revenue. Courts will not sustain municipalities in such abuse of their powers, if it be shown. But if the purpose of the ordinance is police regulation, and it tends to accomplish the object sought, then, under the power to regulate, the ordinance may be sustained, although the municipal charter does not, in so many words, confer authority to license : " Kittanning Boro. v. Kittanning Consolidated Natural Gas Co., 26 Pa. Superior Ct. 355. Viewing the question in the light of these general principles, we have no hesitation in concluding that a fee of $5.00 a day, which would amount to over $1,500 a year if the privilege were exercised each working day, for the privilege of distributing advertising matter, without regard to the mode of distribution, in a borough having population of 5,000, or thereabouts, is unreasonable and oppressive. To most persons desiring to exercise the privilege it would be prohibitive.

Section 1 of the ordinance must be declared invalid for another reason. The ostensible purpose of the borough in enacting it, as shown by the preamble, was to promote the cleanliness of its streets. As pointed out in the immediately preceding case against this defendant, boroughs have very extensive powers conferred upon them for the accomplishment of that object, and for the full accomplishment of other objects for which the streets are designed. The lawful and reasonable exercise of these powers may, and often does, restrict the liberty of the citizen in matters which, in the absence of the ordinance, would be of common right. He must submit to such restriction for

the common good. " Therefore, while ordinances which unnecessarily restrain trade or operate oppressively upon individuals will not be sustained, yet such as are reasonably calculated to preserve public health " (and, we add, promote the cleanliness and safety of the public streets), " are valid, although they may abridge individual liberty and individual rights in respect of property : " 1 Dill. Munc. Corp. 326. The distinction made by the learned text-writer cannot be better illustrated than by contrasting the ordinance considered in Philadelphia v. Brabender, 17 Pa. Superior Ct. 331 ; s. c. 201 Pa. 574, with the ordinance in question. In the former, the act prohibited is the casting of advertisements, handbills, circulars and waste paper in places whence, naturally and without further act of the wrongdoer or of anyone else, they are liable to be, and probably will be, blown into the streets. Speaking of that ordinance the court said : " So far as we can see, the purpose of this ordinance is to prevent the littering up of the streets and the frightening of horses, and we cannot say that the means chosen are not adapted to, and reasonably necessary for, the full accomplishment of that purpose." On the other hand, the ordinance in question applies generally to the distribution of advertising matter without respect to the form or the subject-matter of the advertisement, or to the manner of distribution. In terms which are not susceptible of a narrower construction it applies as well to advertising matter that is wholly unobjectionable and even desirable for public information, as to that which is objectionable upon the ground of good morals ; it applies as well to the distribution of advertising matter through the mails or by delivery to persons in their homes and places of business, as to the distribution of handbills by casting them upon the streets or upon porches, or steps, or into open vestibules. It is in restraint of trade, it goes far beyond what is reasonably necessary for the accomplishment of any legitimate municipal object, and, unless its plain terms be restricted by unwarranted judicial construction, its enforcement must operate oppressively upon individuals. It may be questioned whether the legislature, without transgressing constitutional limitations, could thus restrict citizens in the exercise of the common right of advertising. It is clear beyond doubt that a borough cannot, unless the power be given by express words or arise by neces-

sary and unavoidable implication, and that in the present state of the law neither of these conditions exists.

For the two reasons above stated we are constrained to hold that the first section of the ordinance is void.

The judgment is reversed, the proceedings before the burgess are set aside, and restitution is awarded to the defendant of the fine and costs paid by him.