## Commonwealth, Appellant, *v.* Corson.

*Boroughs—Building laws—Illegal ordinance—Summary conviction.*

In the absence of legislative authority, a borough has no power to enact an ordinance applicable to the entire borough and undertaking to specify a uniform standard of construction for every building to which it applies, thereafter to be erected in the borough, whether the building is large or small or cheap or costly.

An ordinance regulating the construction of buildings within a bor-

ough cannot be upheld where it is impossible to determine from the ordinance, with anything like legal certainty, just what kind of buildings are intended to be prohibited.

Where an ordinance of a borough forbids the construction of buildings without submitting plans thereof to a borough inspector, a summary conviction for violating the terms of the ordinance cannot be sustained against mere workmen employed by the owner or contractor.

Where a borough ordinance forbids certain classes of buildings to be erected before plans for them have been submitted to the borough inspector, a summary conviction for violation of the ordinance cannot be sustained where the record of the magistrate does not set forth the kind of houses which the defendant was building.

In a summary conviction the record of the magistrate must show affirmatively that the defendant was convicted of having done the precise thing forbidden by the law or ordinance alleged to have been violated.

Argued Dec. 4, 1907. Appeal, No. 98, Oct. T., 1907, by plaintiff, from order of C. P. Montgomery Co., June T., 1906, No. 105, reversing judgment of justice of the peace in case of Commonwealth v. J. Jay Corson et al. Before RICE, P. J., PORTER, HENDERSON, MORRISON, HEAD and BEAVER, JJ. Affirmed.

Certiorari to judgment of a justice of the peace.

The facts are stated in the opinion of the Superior Court.

WEAND, J., filed the following opinion:

Upon information of Howard A. Simpson, "Building Inspector of the Burgess and Town Council of the Borough of Norristown," eleven separate warrants were issued against the different persons therein named, charging them with a violation of a borough ordinance entitled "An ordinance to regulate the construction of buildings within the Borough of Norristown, and to provide for inspection thereof.

The magistrate notwithstanding the separate informations and warrants united the eleven cases in one, and tried the case as if it were on suit for a joint trespass or joint promise.

The information charged the defendants with "constructing two dwelling houses, etc., without first submitting to the Building Inspector, etc., the plans therefor and receiving his

approval and permit for the erection thereof, contrary to the provisions of the ordinance," etc. "Said J. Jay Corson and William L. Gotwals being the owners of the ground and buildings as aforesaid, etc., said Joseph F. Evans being the contractor for the masonry of said buildings, employed by the said Corson and Gotwals" and the said other defendants "being workmen employed upon and engaged in the construction of said buildings."

After hearing the magistrate adjudged each defendant guilty of "having constructed certain building walls for the purpose of erecting houses, etc., without having obtained permit," etc. and contrary to the ordinance, etc., and imposed a fine of $50.00 and costs against each defendant. In the bill of costs eleven warrants were charged for.

The case now comes before us on certiorari and seventeen exceptions have been filed involving the jurisdiction of the magistrate, the validity of the ordinance, and the regularity of the proceedings.

The sixth exception alleges that "the Justice had no power to proceed in the name of the Commonwealth under the ordinance."

We have already decided in Com. v. Weachter, 22 Montgomery, 198, that "in a prosecution for the violation of an ordinance imposing a penalty or fine for the use of the borough, the suit should be in the name of the borough," citing Sell v. Com., 1 Montg. County Law Repr. 177; Com. v. Clark (No. 1); 14 Lanc. Law Rev. 41; Speakman v. Speakman, 1 Pa. Dist. Rep. 119; Milton Borough v. Hoagland, 3 Pa. C. C. Rep. 283.

The commonwealth has no interest in these proceedings. By the Act of June 4, 1897, P. L. 121, "All fines and penalties for the violation of borough ordinances shall be paid over to the borough treasurer."

The fifteenth exception alleges that "although separate warrants are shown to have been issued for each of the defendants, yet the case was heard and tried against all of the defendants at one time, instead of being tried against each individual defendant separately."

The penalty imposed by the ordinance is "a fine not ex-

ceeding one hundred dollars." The Act of April 5, 1849, P. L. 410, sec. 7, provides "In all cases of the breach of any by-laws of any city, borough, town or corporate body within this commonwealth, subjecting the offender to a penalty or fines therefor, suits for the recovery thereof may be maintained before any Justice of the Peace or alderman in like manner as suits for the recovery of debts under the sum of one hundred dollars may now be maintained before them," etc.

The action, therefore, is in the nature of a civil proceeding and as each defendant, if liable at all, was only liable for his own act, the joinder was improper. If they can thus be jointly sued for a debt it must be because they are jointly liable, but the judgment is individual.

Under the ordinance each person who violates its provisions is individually liable because he commits a separate offense and the act of one has no connection with the act of another.

The tenth exception alleges that the justice had no jurisdiction to convict the eight workmen as no permit was required from them. Section 2 of the ordinance provides that a building inspector shall be elected "to whom builders, contractors or owners must submit plans and specifications for construction, alterations and repairs as aforesaid, together with written application for a building permit," etc.

Section 29 provides "Any person or persons, firms or corporations, whether owner, builder, contractor, architect or workman, who shall make any alteration, construction, etc., without permit" shall be liable to a penalty. It is only the builders, contractors and owners who must submit plans, etc., to whom the permit is to be granted. To hold the workmen liable would be to require the laborer who digs the cellar, the carpenter who drives a nail or the man who lays a brick to obtain a permit under penalty. Only one permit is required and this after the approval of the plans and specifications. The facts in evidence show that Corson & Gotwals were owners and Joseph F. Evans, the contractor, and therefore these eight workmen cannot be considered as constructing the buildings.

We sustain the sixth, tenth and fifteenth exceptions and reverse the proceedings before the magistrate. The legality of

the ordinance is also questioned, but it is not advisable in this proceeding to discuss that question inasmuch as it could not be reviewed. Having reversed the proceedings the defendants could not appeal; and if we are correct in our other findings, the judgment would not be reversed on appeal by the borough, or the point decided by the higher court.

And now, April 12, 1907, the proceedings before the magistrate are reversed.

*Error assigned* was the judgment of the court.

*Irvin P. Knipe*, for appellant.

*Henry Freedley*, with him *H. M. Brownback*, for appellees.

Opinion by Head, J., February 28, 1908:

On November 9, 1905, the municipal authorities of the borough of Norristown enacted an ordinance containing twenty-nine lengthy sections, covering twelve closely printed pages of the appellant's paper-book. Its title is: "An ordinance to regulate the construction of buildings within the borough of Norristown and to provide for inspection thereof." We quote the sections or parts thereof to which we shall later refer:

"Section 1. That hereafter municipal approval of the plans and specifications and a duly issued permit for construction is required before any person, firm or corporation shall or may begin to erect any building (except sheds), outbuildings, stables and additions altogether on private property and none over one story high nor intended to hold public assemblages nor mechanics and work people at regular employment. Similar approval and permit shall be required for repairs and alterations that change substantially the plan of a building or decrease its strength; and what is hereinafter provided for original construction shall be deemed to extend to and to be required in cases of such alterations and repairs."

"Section 6. All buildings hereafter erected shall have all outside or division walls constructed of stone, brick, concrete,

iron or other hard, non-combustible material properly bonded and solidly put together, constructed to a line, plumb and straight; provided that this ordinance shall not refer to nor prevent the erection of two-story frame buildings back of and attached to any tenement or dwelling-house of brick or other non-combustible material, nor to water-closets in private yards nor to work-shops, carriage houses and stables fronting upon alleys and not over one story high."

"Section 29. Any person or persons, firms or corporations, whether owner, builder, contractor, architect or workman, who shall make any alteration, construction or removal of any building or structures whatsoever, without permit therefor first obtained, except as herein specified, or in violation of any of the provisions of this ordinance, or who shall have become the owner thereof after the same has been so done, and who shall omit, neglect, or refuse to remove the same, if dangerous or in violation of this ordinance, or to make the same safe and secure and in all respects conform to the requirements of this ordinance within thirty days after notice to that effect, shall upon summary conviction thereof before the Burgess or a Justice of the Peace be fined for such offense in an amount not exceeding one hundred dollars."

On April 6, 1906, one Howard A. Simpson, alleging that he was a building inspector of the borough of Norristown, duly elected under the provisions of the foregoing ordinance, appeared before a magistrate and filed an information charging that eleven persons, naming them, "were constructing two dwelling houses on the northeastern side of Sandy street in said borough without first submitting to the building inspector . . . . the plans therefor and receiving his approval and permit for the erection thereof, contrary to the provisions of the ordinance," etc. His information further set out that two of the persons named, Corson and Gotwals, were the owners of the ground and the buildings being erected thereon; that Evans was the contractor for the masonry of said buildings, and that the remaining eight persons charged were workmen employed on the buildings. Eleven warrants issued and all of the defendants were brought before the magistrate where

a hearing was had, at the conclusion of which, the magistrate determined that all of the defendants "be convicted and adjudged guilty and are hereby convicted of having constructed certain building walls for the purpose of erecting houses on the northeast side of Sandy street, etc., . . . . without having obtained a permit from the building inspector and contrary to the ordinance," etc. Whereupon each one of the defendants was fined in sums aggregating upwards of $200 and costs.

A writ of certiorari was then sued out of the court of common pleas, after allowance by the said court, and exceptions to the legality and regularity of said judgment having been duly filed, the court, after argument, reversed and set aside the said judgment and proceedings. Thereupon the borough council authorized its solicitor to take this appeal.

Inasmuch as the borough was no party to the proceedings begun before the magistrate in the name of the commonwealth, it has not been made clearly to appear that it had a right to appeal, but as this question was not pressed at the argument we pass it by without further comment.

What was the purpose of the ordinance in question? If it was to prevent the erection of wooden buildings entirely, or to authorize a municipal officer, called an inspector, to determine at his own pleasure whether or not he would authorize and issue a permit for such buildings or refuse to do so, it is to be further observed that this regulation applied to the entire borough. The ordinance, in most minute detail, undertakes to specify a uniform standard of construction for every building, to which it applied, thereafter to be erected in the borough. Whether the building was large or small, whether it was designed to be cheap or costly, seemingly made no difference. Was such an ordinance a reasonable exercise of any police power conferred upon the borough of Norristown? This borough was not incorporated under the general borough Act of April 3, 1851, P. L. 320, but acquired its municipal existence and powers under several acts of the legislature which have been recited in the briefs.

It is to be noted that this was not an attempt to prescribe and regulate the character of buildings, thereafter to be con-

structed, within certain defined limits territorially, where the population was congested and where the space had been closely built up. In Klingler v. Bickel, 117 Pa. 326, the Supreme Court held that an ordinance, enacted by a borough incorporated under the general act of 1851, was reasonable because its operation was confined to a certain limited and defined area of the borough of the character last indicated. In the course of the opinion in that case Mr. Justice PAXSON said: "If the ordinance had been general in its character and had prohibited the erection of frame buildings in every part of the borough, it might have been open to the objection of being unreasonable and therefore void. The only reason, as before stated, why such prohibition can be sustained at all, is the danger from fire to surrounding buildings. Where such reason does not exist because of the rural character of a portion of the borough, it might be oppressive and unreasonable to apply such an ordinance."

In Kneedler v. Borough of Norristown, 100 Pa. 368, it appears that as early as 1864 this same borough undertook to enact an ordinance making it unlawful "for any person or persons to put up, erect or build any frame or wooden buildings within the limits of the borough of Norristown, except bathhouses, porches, water-closets, and sheds, or hay houses for farm purposes on farms exceeding ten acres." The Supreme Court there held that the borough had no authority under its charter to enact such an ordinance, Mr. Justice GREEN using the following language: "The charter of the borough of Norristown contains no authority to the council to enact ordinances prohibiting the erection of wooden buildings. Nor is there anything in the grant of general powers conferred upon the borough from which such an authority can be necessarily inferred or to which it is indispensable. Lacking these requirements, the qualities necessary to create the power in question are not present. . . . In the present case, however, the ordinance in question is subject to another objection, which applies to all its parts, and that is, that it is unreasonable and oppressive."

It has not been made to appear in the record before us that

the borough of Norristown, at the time of the passage of the ordinance now before us, had received from the legislature the power which the court determined it did not possess when it undertook to enact the ordinance of 1864. But apart from that, the objection that the ordinance then declared invalid was unreasonable and oppressive, seems to us to apply with equal force to the later ordinance.

Again, we think this ordinance is invalid because it is insensible. Reading sections one and six together we believe it to be impossible to determine, with anything like legal certainty, just what kind of buildings were intended to be prohibited. If protection from fire, to existing property, was the object of the ordinance, we learn from the first section that every kind of buildings, that could be classed as "sheds," might still be put up at the pleasure of the citizen in any part of the borough without regard to the ordinance. It is impossible to determine whether buildings not over one story high were intended to be embraced within the ordinance or excluded from its operations. Section six provides that all buildings hereafter erected shall have outside or division walls of stone, brick, etc., "provided that this ordinance shall not refer to nor prevent the erection of two-story frame buildings back of and attached to any tenement or dwelling house of brick nor to water-closets in private yards nor to workshops, carriage houses and stables fronting upon alleys and not over one story high." From an examination of these two sections, a citizen of Norristown desiring to erect a building was to determine, at his peril, whether or not his proposed building was to be subject to all the oppressive restrictions contained in this remarkable ordinance. In section two it is provided that the town council shall annually elect a building inspector "to whom builders, contractors or owners must submit plans and specifications for construction together with a written application for a building permit."

If now we look to the record of the summary conviction we find that all of the defendants, eleven in number, were convicted under one proceeding, "of having constructed certain building walls for the purpose of erecting houses." What kind

of houses? Were they "two-story frame buildings back of and attached to any tenement or dwelling-house of brick"? If so, then under section six they were not forbidden by the ordinance. In a summary conviction the record of the magistrate must show affirmatively that the defendant was convicted of having done the precise thing forbidden by the law or ordinance alleged to have been violated. We do not think in this respect this record measures up to the requirement of the law. Eight of the defendants, as already stated, were workmen on the buildings or walls. They were in nowise responsible for the plans or specifications, or for the failure of the owner or contractor to file them with the building inspector and obtain his permit to proceed with the work. There is nothing in the ordinance that would enable them to protect themselves by securing a permit. To enact that every mechanic or laborer, before he could drive a nail in a building or remove a shovelful of earth from the excavation for its foundation, must first satisfy himself that the owners or contractors had complied with all the requirements of this ordinance or else be punished with them for its violation, is surely to go beyond the reasonable limits of municipal legislative power lawfully and reasonably exercised. We are therefore constrained to hold that this ordinance, for the reasons that we have indicated, is unreasonable and the enactment of it was an invalid exercise of the power vested in the municipal authorities. Because of this, as well as for the reasons given by the learned court below, we feel obliged to conclude that the court was right in reversing and setting aside the judgment entered by the magistrate.

The appeal is therefore dismissed at the costs of the appellant.