## Commonwealth, Appellant. v. Brann.

*Boroughs — Board of health — Powers — Slaughterhouses—Act of June 12, 1913, P. L. 475, Act of April 14, 1915, P. L. 114.*

The Act of June 12, 1913, P. L. 471, as amended by the Act of April 14, 1915, P. L. 114, did not confer upon the board of health of a borough the authority to adopt, with the approval of the borough council an ordinance prohibiting the building and maintenance of a slaughterhouse within the borough limits. Such an ordinance, which prohibits the maintenance of a slaughterhouse without regard to whether it is a nuisance or otherwise noxious or offensive to the inhabitants, or prejudicial to public health, is not within the jurisdiction or powers of the board of health. It is an ordinance of prohibition and not of regulation.

Submitted March 15, 1923. · Appeal, No. 52, Oct. T., 1923, by plaintiff, from judgment of Q. S. Bradford County, Sept. sessions, 1920, No. 83, in favor of defendant in case of Commonwealth of Pennsylvania v. John F. Brann. Before ORLADY. P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Appeal from summary conviction. Before HECK, P. J., 55th Judicial District, specially presiding.

The facts are stated in the opinion of the Superior Court.

The court discharged the defendant for the reasons quoted in the opinion of the Superior Court.

*Error assigned,* among others, was the judgment of the court.

*Rodney A. Mercur,* for appellant.

*Lee Brooks,* and with him *J. W. Stone,* for appellee.

OPINION BY LINN, J., April 16, 1923:

This case was here before on defendant's appeal from summary conviction: 78 Pa. Superior Ct. 345. When

the record was returned, defendant was tried de novo in the quarter sessions and was discharged. He has maintained a slaughterhouse in the borough for more than thirty years. If his use of his property for that purpose had become a public nuisance, or has otherwise become prejudicial to public health, familiar and appropriate remedies were and remain available. Instead of pursuing them, this prosecution was begun, defendant being charged, as the trial judge states, "with the unlawful keeping and maintaining of a slaughterhouse within the limits of the said borough, in violation of section 1, Ordinance No. 1 of the board of health of Canton Borough, which provides, 'No person or persons shall build or maintain any slaughterhouse within the limits of the Borough of Canton.'" In discharging defendant, the court stated: "1. That section 1 of ordinance of the board of health of Canton Borough, No. 1, adopted July 30, 1920, and approved by the borough council of Canton Borough, August 9, 1920, and by the chief burgess of Canton Borough, August 10, 1920, is not a valid exercise of its authority under the Act of 1913, and its amendments, with reference to slaughterhouses. 2. That the defendant, John F. Brann, is not guilty of the charge of maintaining unlawfully a slaughterhouse within the borough limits of Canton Borough, and should be discharged." This appeal was then taken at the instance of the health officer of the local board of health.

Appellant contends the ordinance is a valid health regulation under the police power. Our inquiry is not what the State may do under the police power (Nolan v. Jones, 67 Pa. Superior Ct. 430, 263 Pa. 124; Film Corporation v. Breitinger, 250 Pa. 225); but only whether the local board of health acted within the authority delegated to it by the Commonwealth, and that depends on the Act of June 12, 1913, P. L. 471, and the amendment of April 14, 1915, P. L. 114. It is said the 6th section of the act, as amended, delegates power to enact the ordinance, and appellant points to the provision that the

board shall "enforce the laws of the Commonwealth, the regulations of the state department of health, and [shall] make and enforce such additional rules and regulations to prevent the introduction and spread of infectious or contagious diseases......and by abating and removing all nuisances which they shall deem prejudicial to the public health;......The board shall also have the power to make, enforce and cause to be published, all necessary rules and regulations, for carrying into effect the powers and functions with which they are invested by law, and the power and authority relating to the public health conferred on the boroughs......Such rules and regulations, when approved by the borough council and burgess......and when advertised in the same manner as other ordinances, shall have the force of ordinances of the borough......" As there is neither statute, nor regulation of the state department of health, prohibiting the maintenance of a slaughterhouse, appellant frankly plants his case on (1) the authority "to make all such other rules and regulations as they shall deem necessary for the preservation of the public health"; and (2) the duty of "abating and removing all nuisances which they shall deem prejudicial to the public health......" As in some way providing additional support for his contention, counsel points to the General Borough Act of 1915, P. L. 312, chap. V, article I, section 2, paragraph 9, P. L. 333, authorizing a borough "to prohibit and remove any nuisance or dangerous structure on public or private grounds, or to require the removal of the same by the owner or occupier of such grounds......," and paragraph 16 "to prohibit, within the borough, the carrying on of any manufacture, art, trade or business which may be noxious or offensive to the inhabitants."

On the other hand, counsel for defendant contends that section 8 of the Act of 1913, supra, indicates that the legislature did not intend to authorize the local authorities to prohibit the maintenance of a slaughterhouse unless it became a nuisance or otherwise prejudicial to

public health, but intended to limit local action to such contingencies. Section 8 provides, "The board of health may inspect......slaughterhouses......and any conditions or places whatsoever, in the borough......which may constitute a nuisance or a menace to public health; and whenever any condition or place in the borough ......is found by them to be a nuisance or a menace to the health of the people of the borough,......they shall issue a written order of abatement, directed to the owner, or agent of the owner, of the premises......" specifying proceedings for abatement and penalty.

Our question then is: May the provisions relied on by appellant, properly considered with those in section 8, be held to constitute a delegation of power to enact an ordinance prohibiting the maintenance of defendant's slaughterhouse. We think the contention of appellee is correct. "'Where there are in an act specific provisions relating to a particular subject, they must govern in respect of that subject, as against general provisions in other parts of the statute, although the latter standing alone would be broad enough to include the subject to which the particular provisions relate': Endlich on Interpretation of Statutes, section 216": Kolb v. Church, 18 Pa. Superior Ct., 477, 481. The provisions quoted from the borough code limiting the prohibition to any manufactory or business which "may be noxious or offensive to the inhabitants" support appellee. We are dealing with an ordinance of prohibition, not regulation; it prohibits without regard to whether the maintenance of a slaughterhouse is a nuisance or otherwise noxious or offensive to the inhabitants or prejudicial to public health. If defendant's maintenance of his slaughterhouse offends in any of the particulars specified, he can be required to answer in appropriate proceedings, either as specified in the statute or by other well-established legal remedies appropriately pursued; as applied to him, the record shows that section 1 of the ordinance is both unauthorized and unreasonable: Kneedler v. Norristown,

Opinion of the Court.    [81 Pa. Superior Ct.

100 Pa. 368; Millerstown v. Bell, 123 Pa. 151, 154; Com. v. Jackson, 34 Pa. Superior Ct. 178; Com. v. Corson, 36 Pa. Superior Ct. 7; P. R. R. Co.'s Case, 213 Pa. 373.

Judgment affirmed.