## Borough of Manorville, Appellant, v. Flenner.

*Boroughs—Borough Act of 1915—Ordinance—Storage of gasoline.*

A Borough Ordinance prohibiting the storage of gasoline exceeding 400 gallons in any one place without regard to the nature of storage facilities or their equipment with safety appliances, is unreasonable. It is an ordinance of prohibition and not of regulation.

All statutory restrictions of the use of property are imposed upon the theory that they are necessary for the safety, health or comfort of the public; but a limitation without reason or necessity cannot be enforced.

A municipal ordinance of a regulatory nature in contravention of the natural rights of individuals enacted under general charter powers, is not only required to be constitutional but it must be reasonable as well; that is the Court before which it is brought must

be able to say that it will tend to promote public health, morals, safety or welfare; that the means adopted are adapted to that end and that it is impartial in operation and not unduly oppressive upon individuals.

Argued October 7, 1925.  Appeal No. 72, April T., 1926, by plaintiff from the Order of Q. S., Armstrong County, June Sessions, 1924, No. 1, in favor of defendant in the case of Borough of Manorville v. Harry Flenner.  Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.  Affirmed.

Appeal from summary conviction.  Before GRAFF, P. J.

The ordinance in question was as follows:

*An ordinance to safeguard against fire and explosions, and to protect the traveling public and the inhabitants within the Borough of Manorville, by providing certain regulations and prescribing the quantities of certain inflammable substances or liquids that may be kept in any one place within the limits of the said borough in any gasoline plant, filling station, substation, garage, tank, container, reservoir, building, house, or construction whatsoever, above or under ground, wherein gasoline, oils or similar inflammable substances or liquids are sold, manufactured, stored or delivered and kept in quantities, for sale, or any purpose whatsoever, and providing penalties for violations.*

Section 1.  Be it enacted, and it is hereby ordained and enacted, by the Burgess and Town Council of the Borough of Manorville, that to safeguard against fire and explosion, and to protect the traveling public and inhabitants of the borough, no persons, firms or corporations shall maintain and keep in any one place within the limits of the Borough of Manorville, any gasoline, oils or similar inflammable substances or liquids in excess of four hundred (400) gallons of such

inflammable substances or liquids in any gasoline plant, filling station, sub-station, garage, tank, container, reservoir, building, house or construction whatsoever, above or under ground wherein gasoline, oils or similar inflammable substances or liquids are maintained, kept, sold, manufactured, supplied or delivered and kept in quantities in any one place, for the purpose of storing and selling same, or offering the same for sale, or for any purpose whatsoever.

Section 2. None of the regulations contained in this ordinance shall be construed to prevent the proper borough officials, or any inhabitant of said borough, from exercising the right to invoke proceedings in law or equity, or other remedy, against such offenders who shall persistently violate the provisions of this ordinance and who otherwise erect, set up or establish a nuisance in keeping, using, storing supplying or selling such inflammable substances or liquids.

Section 3. If any person, firm or corporation shall violate any of the provisions, or regulations contained in this ordinance, such person, firm or corporation so offending shall, upon conviction before the Burgess, or any Justice of the Peace, be sentenced to pay a fine of not less than twenty-five ($25.00) dollars, nor more than fifty '($50.00) dollars for each offense so committed; and at the discretion of the convicting Burgess or Justice of the Peace besides the costs and fine which the convicting Burgess or Justice of the Peace may inflict, if he deem proper, or for default of payment thereof, said Burgess or Justice of the Peace may also commit such person or persons so offending to the County Jail of Armstrong County for a period not exceeding thirty (30) days.

Section 4. All ordinances, or parts thereof, now in force, inconsistent herewith, are hereby repealed.

The Court held that the ordinance was unreasonable and discharged the defendant.

*Error assigned* was among others, the judgment of the Court.

*Charles E. Harrington,* and with him *Floy C. Jones,* for appellant. The ordinance in question was the valid exercise of municipal authority: Boston Beer Co. v. Mass. 97 U. S. 25; Com. v. Grossman, 248 Pa. 11; Mahon v. Penna. Coal Co. 274 Pa. 489; Com. v. Puder, 261 Pa. 129; Com. v. Maxwell, 27 Pa. 444; Ligioner Valley Railroad Co. v. Latrobe Borough, 216 Pa. 221; Mahanoy City v. Hersker, 40 Pa. Superior Ct. 50; Chambersburg v. Porter, 82 Pa. Superior Ct. 421; Barbier v. Connolly, 113 U. S. 27; Louisville & N. R. R. Co. v. Mottley, 219 U. S. 466.

*J. V. Frampton,* and with him *H. A. Heilman,* and *J. H. Courtney,* for appellee.—The ordinance was subject to review by the Court: Klinger v. Bickel, 117 Pa. 326; Commissioners v. Gas Co. 12 Pa. 318; Kneedler v. Norristown, 100 Pa. 368 Livingston v. Wolf, 136 Pa. 519; Com. v. Brann, 81 Superior Ct. 38; Philadelphia v. Brabender, 201 Pa. 574.

The ordinance was unreasonable: Thomas v. Jacobs, 254 Pa. 255; Gabigan v. Refining Co., 186 Pa. 604; Braun v. Atlantic Refining Co. 27 Dist. Rep. 451; Bryan v. City of Chester, 212 Pa. 259; Pittsburgh Poster Advertising Co. v. Swissvale, 70 Pa. Superior Ct. 224; Smyth v. Ames, 169 U. S. 527; Adam v. Tanner, 244 U. S. 590.

*Francis Shunk Brown* and with him, *Yale C. Schekter* and *Ira Jewell Williams* and *Ira Jewell Williams, Jr.,* filed a brief for the Atlantic Refining Company and the American Petroleum Institute, Amici Curiae.

OPINION BY LINN, J., December 14, 1925:

Flenner, employed by the Sterling Oil Company

in charge of its gasoline sales plant, was summarily convicted of violating a borough ordinance prohibiting the storage of gasoline in quantity exceeding 400 gallons. He appealed to the Quarter Sessions, where, after hearing, the court held that the ordinance was unreasonable and discharged him. The borough has appealed to review that conclusion. No finding of fact made below is seriously assailed, and both sides agree as to essential rules of law discussed in the briefs, differing only as to which rule shall be applied here.

The ordinance (to be found in the reporter's statement of the case) is entitled: "An ordinance to safeguard against fire and explosions, and to protect the traveling public and the inhabitants within the borough of Manorville, by providing certain regulations and prescribing the quantities of certain inflammable substances or liquids that may be kept in any one place within the limits of the said borough in any gasoline plant, filling station, sub-station, garage, tank, container, reservoir, building, house, or construction whatsoever, above or under ground, wherein gasoline, oils or similar inflammable substances or liquids are sold, manufactured, stored or delivered and kept in quantities, for sale, or any purpose whatsoever, and providing penalties for violations" and contains the following: . . .. ... . "that to safeguard against fire and explosion, and to protect the traveling public and inhabitants of the borough, no persons, firms or corporations shall maintain and keep in any one place within the limits of the Borough of Manorville any gasoline, oils or similar inflammable substances or liquids in excess of four hundred (400) gallons of such inflammable substances or liquids in any gasoline plant, filling station, sub-station, garage, tank, container, reservoir, building, house or construction whatsoever, above or under ground wherein gasoline, oils or similar in-

flammable substances or liquids are maintained, kept, sold, manufactured, supplied or delivered and kept in in quantities in any one place, for the purpose of storing and selling same, or offering the same for sale, or for any purpose whatsoever."

The borough is a "village with a population of five hundred and thirty-seven, being about nine-tenths of a mile in length and from five to six hundred feet wide. The buildings in the borough are somewhat separated and there are plots of vacant land upon which no buildings are erected." In 1923, the Sterling Oil Company constructed three gasoline storage tanks, each holding 12,000 gallons; the borough was asked to assent to the construction but refused; permission of the Department of State Police was obtained, as required by the Act of July 1, 1919, P. L. 710. The plant was put in operation as a gasoline selling station and these legal proceedings followed. Flenner was in charge of the storage tanks.

The storage and sale of gasoline, as described in the evidence is a well recognized business generally conducted, and so widely diffused as to have become necessary to the social life of the day. The parties have agreed that if the quantity of gasoline stored in the tanks is limited to that specified in the ordinance, the plant cannot be operated at a profit. We have, then, a case in which it appears that a business which can be lawfully conducted, is prohibited by ordinance, and we at once inquire whether there is authority for the prohibition by the borough.

As authorizing the ordinance, the borough relies on the Borough Code, 1915, P. L. 312, etc., and specifies chapter 5, art. 1, sec. 2, clauses XXII, XVII, and XVIII (P. L. 332) as follows: "Section 2. The powers of the borough shall be vested in the corporate officers. They shall have power:—......

"XXII. To prohibit the manufacture, sale or ex-

posure of fireworks or other inflammable or dangerous articles; to prescribe the quantities of inflammable articles that may be kept in one place; and to prescribe such other safeguards as may be necessary.

"XVII. To make such other regulations as may be necessary for the health and cleanliness, and the beauty, convenience, comfort and safety of the borough.

"XVIII. To make regulations, within the borough, or within such limits thereof as may be deemed proper, relative to the cause and management of fires and the prevention thereof."

At the head of chapter 5 of the statute (P. L. 232), these and others are entitled "general powers." What the borough may do pursuant to such powers is well settled. "Municipal corporations possess and can exercise such powers only as are granted in express words, or are necessarily or fairly implied in or incident to those expressly granted, or those which are indispensable to the declared objects and purposes of the municipality: 1 Dillon on Municipal Corp. (4th ed.), sec. 89; 20 Am. & Eng. Ency. of Law (2d. Ed.), page 1139. Doubt as to corporate power is resolved against its existence, and this is no less true of a municipality than of a private corporation, for the source of the power of each is the same."......Penn. R. R. Co.'s case, 213 Pa. 373.

In Bryan v. City of Chester, 212 Pa. 259, the court quoted with approval from the opinion of the court in Crawford v. City of Topeka, 51 Kansas, 756, as follows: "All statutory restrictions of the use of property are imposed upon the theory that they are necessary for the safety, health or comfort of the public; but a limitation without reason or necessity cannot be enforced. In what way can the erection of a safe structure for advertising purposes, near the front of a lot, endanger public safety any more than a like

structure for some other lawful purpose?......Although the police power is a broad one, it is not without limitation, and a secure structure which is not an infringement upon the public safety, and is not a nuisance, cannot be made one by legislative fiat, and then prohibited: Yates v. Milwaukee, 10 Wall, 497; 1 Dill. on Munc. Corp. sec. 374.''

In Livingston v. Wolf, 136 Pa. 519, it was said that the power of the municipality to legislate "must be exercised by regulations that are general and uniform, that are reasonable and certain, and that are in conformity with the constitution and laws. When so exercised, it is binding on all the inhabitants of the municipality. These general propositions are supported by many cases, among which are Paul v. Carver, 26 Pa. 223; Com. v. Rush, 14 Pa. 186; Barter v. Com., 3 P. & W. 259; Philadelphia's App., 78 Pa. 33; Allegheny v. Zimmerman, 95 Pa. 287; Com. v. Hauck, 103 Pa. 536; In re Ruan St., 132 Pa. 257. That the courts must judge of the reasonableness of the action of the municipality, and that such action is not binding if it is unreasonable, was held in Kneedler v. Norristown, 100 Pa. 368........'' In 19 R. C. L., 805, it said, "A municipal ordinance of a regulatory nature in contravention of the natural rights of individuals enacted under general charter powers is not only required to be constitutional, but it must be reasonable as well; that is, the court before which it is brought must be able to see that it will tend to promote public health, morals, safety or welfare; that the means adopted are adapted to that end, and that it is impartial in operation and not unduly oppressive upon individuals.'' In 28 Cyc. 370, the rule is stated to be: "Where the power to legislate upon a given subject is granted, and the mode of its exercise and the details of such legislation are not prescribed, the ordinance passed pursuant

thereto must be a reasonable exercise of the power or it will be pronounced invalid.''

As the delegated powers to which appellant points for its authority are general, (as they must perhaps necessarily be in view of the widely diverse conditions prevailing in different sections of the Commonwealth) there is ample room for the exercise of discretion in local municipal legislation. When an ordinance passed pursuant to such power is assailed, it is the duty of the court to see that the ordinance is reasonable in its application. In Phila. v. Brabender, 17 Pa. Superior Ct. 331 (affirmed 201 Pa. 574) we considered an ordinance regulating the distribution of advertisements by prohibiting the casting of hand-bills or other waste paper into the streets or on the footways of the city, and held that the regulation was reasonable. In Davis v. Crafton Boro., 75 Pa. Superior Ct. 37, an ordinance passed pursuant to clause I, sec. 2, art. 1, chap. 5 of the Borough Code came up for consideration and we examined it to see whether the power had been reasonably exercised, and finding that it had been, sustained the ordinance. In Com. v. Brann, 81 Pa. Superior Ct. 38, involving an ordinance sought to be justified, inter alia, under clauses IX and XVI, sec. 2, art. 1, chap. 5 of the Borough Code, we held that the ordinance was an unreasonable exercise of the power. In Chambersburg v. Porter, 82 Pa. Superior Ct. 421, an ordinance passed pursuant to clause XVII, supra, was assailed and we inquired whether the provisions of the ordinance were reasonable in the circumstances in the record under discussion, and concluding that they were, we sustained the ordinance. In Jitney Bus Assn. v. Wilkes-Barre, 256 Pa. 462, an ordinance regulating the running of jitneys was considered; and the Supreme Court concluded that in some respects the ordinance was unreasonable, but nevertheless held that with the elimination of the unreasonable parts specified in the opinion, it should be enforced.

This brings us then to a consideration of the facts; in addition to those already stated, the court below found the following: "The storage station of the Sterling Oil Company located in Manorville Borough consists of three all-steel gas-tight tanks properly vented and supported on concrete piers and electrically grounded. The seams in the tanks are all calked and made gas-tight at the connections and the tanks are equipped with safety appliances at the inlet and outlet with a vent which takes care of the gases by means of an automatic valve.

"The storage of gasoline in unlimited quantities in properly constructed and equipped tanks is not unduly dangerous to life or property.

"The storage and sale of gasoline is a recognized and lawful business and the erection and maintenance of a suitable equipment for that purpose is not per se a public nuisance nor illegal.

"Gasoline can be, and is stored in large quantities in thickly populated districts, without unduly endangering life or property.

"In April, 1923, it submitted to the department of State Police, as required by the Act of July 1, 1919, P. L. 710, the plans and specifications of the bulk storage plant it intended to erect in the Borough of Manorville on the property above described, and on May 4, 1923, the plans and specifications as submitted, were approved by the Department of State Police.

"The plant as approved and completed has a storage capacity of thirty-six thousand gallons of gasoline. If the terms and provisions of the ordinance are enforced as to the defendant, the Sterling Oil Company will have to abandon the property upon which the tanks of the company are erected, for the reason that if it is held to the storage of gasoline in quantities not exceeding four hundred gallons the plant cannot be operated at a profit.

"While there is not positive assurance against unknown defects in the stationary tanks, yet, the storage and distribution of gasoline in large quantities, to-wit: thirty-six thousand gallons, is not dangerous within itself, if properly regulated.

"When properly supervised the use of modern appliances in the storage and distribution of gasoline, such as have been adopted, and are now in use by the Sterling Oil Company at Manorville, do not create a fire hazard to the travelling public or the inhabitants of Manorville Borough."

If the ordinance is held applicable to the facts found, the lawful business so described is prohibited, not regulated. But the statute does not authorize the borough to prohibit; the authority conferred is to make lawful regulations within the scope of the clauses quoted. The prohibition as applied to the business managed by Flenner is therefore unreasonable; he was properly discharged.

Judgment affirmed.