## Commonwealth *v.* Jackson, Appellant (No. 1).

*Boroughs—Ordinances—Distribution of advertisements—Act of April 3, 1851, P. L. 320.*

An ordinance which forbids the casting of advertisements, handbills, circulars or waste paper upon the streets, alleys, highways or in other public places of a borough is sustainable by the legislative grant to boroughs of the powers to make such laws, ordinances, by-laws and regulations not inconsistent with the laws of this commonwealth as they shall deem necessary for the good order and government of the borough; to regulate, and to exercise all needful jurisdiction over, the roads, streets, lanes, alleys, public squares and common grounds of the borough; to prohibit and remove any obstruction in the highways of the borough,

and any nuisances, whether in the highways or in public or private ground; and "to make such other regulations as may be necessary for the health and cleanliness of the borough."

If an ordinance, or even the same section of an ordinance, contains two separate prohibitions relating to different acts, with distinct penalties for each, one of which is valid and the other void, the ordinance may be enforced as to that portion of it which is valid.

Where a defendant charged with willfully violating a borough ordinance, pleads guilty, and appeals to the court of quarter sessions, he thereby waives mere irregularities in the proceedings, and, to avoid the effect of his plea, he is bound to establish the invalidity of the ordinance as a whole, or to show that his act was not prohibited by the valid part of the ordinance.

The placing of advertisements in the vestibules of houses may be prohibited by borough ordinance.

Argued April 8, 1907. Appeal, No. 178, April T., 1907, by defendant, from judgment of Q. S. Allegheny Co., Sept. T., 1906, No. 128, affirming judgment of burgess in case of Commonwealth, Borough of Munhall, v. Ralph Jackson. Before RICE, P. J., HENDERSON, MORRISON, HEAD and BEAVER, JJ. Affirmed.

Appeal from summary conviction.

The facts appear by the opinion of the Superior Court.

*Error assigned* was judgment affirming judgment for plaintiff.

*J. A. Wakefield,* for appellant.—A municipal corporation has only those powers which are expressly given by statute, or which are necessary to carry into effect the objects of the incorporation: Dillon on Municipal Corporations, sec. 89.

This ordinance destroys, by prohibiting, the well-known business of distributing circulars and partially destroys the business of merchants by preventing them from advertising their wares in a cheap and expeditious manner, and thereby violates the section of the bill of rights which gives to the citizens the inherent and inalienable right to acquire, possess and protect property and reputation and of pursuing their own happiness: Village of Des Plaines v. Poyer, 123 Ill. 348 (14 N. E. Repr. 677); People v. Armstrong, 73 Mich. 288 (41 N. W. Repr. 275).

Philadelphia v. Brabender, 17 Pa. Superior Ct. 331; s. c. 201 Pa. 574; McQuillin on Municipal Ordinances, pages 729 and 730; Livingston v. Wolf, 136 Pa. 519.

*J. Merrill Wright,* for appellee.—It is within the power of the borough acting through its board of health to prohibit or regulate that which is necessary for the preservation of the public health.

It is a legislative and not a judicial question : Powell v. Commonwealth, 114 Pa. 265; People v. Armstrong, 73 Mich. 288 (41 N. W. Repr. 275); Philadelphia v. Brabender, 17 Pa. Superior Ct. 331.

OPINION BY RICE, P. J., October 7, 1907 :

The single question which the appellant raises upon this appeal is, whether a borough incorporated under the act of 1851, and its supplements, has power to ordain as follows : "No advertisements in the form of handbills, posters, flyers or any samples of patent medicine, or of any kind of groceries or merchandise whatsoever, no matter in what form the same may be put up, shall be distributed among the houses or other places in the borough of Munhall, nor shall the same be thrown on the streets, alleys, highways, public places, or on improved or unimproved property within the limits of the borough of Munhall." As will be seen in the succeeding case, an ordinance which absolutely prohibits the distribution of advertisements within the limits of a borough, except by its licensee, is invalid. But an ordinance which forbids the casting of advertisements, handbills, circulars or waste paper upon the streets, alleys, highways or in other public places of a borough is sustainable by the legislative grant to boroughs of the powers: to make such laws, ordinances, by-laws and regulations not inconsistent with the laws of this commonwealth as they shall deem necessary for the good order and government of the borough; to regulate, and to exercise all needful jurisdiction over, the roads, streets, lanes, alleys, public squares and common grounds of the borough; to prohibit and remove any obstructions in the highways of the borough, and any nuisances whether in the highways or in public or private ground; and "to make such other regulations as may be necessary for the health and clean-

liness of the borough:" Act of April 3, 1851, P. L. 320. The powers under which the ordinance considered in Philadelphia v. Brabender, 17 Pa. Superior Ct. 331; s. c. 201 Pa. 574, was sustained, were not broader than those above enumerated; therefore, the reasoning of the opinion filed in that case is applicable here, and need not be repeated.

There is no essential connection between the prohibition of this ordinance against the distribution of advertisements in any form or manner, and the prohibition against distributing them in the manner described in the latter part of the section. Therefore, the general principle is applicable that if an ordinance, or even the same section of an ordinance, contains two separate prohibitions relating to different acts, with distinct penalties for each, one of which is valid and the other void, the ordinance may be enforced as to that portion of it which is valid: 1 Dill. Mun. Corp. (4th ed.) sec. 421; Trickett on Boroughs, p. 125; City of Pittsburg's Appeal, 115 Pa. 4; Lansdowne Boro. v. Springfield Water Co., 16 Pa. Superior Ct. 490.

The record shows that the defendant was charged with willfully violating the ordinance, that he pleaded guilty, and that upon special allowance of the court he appealed to the quarter sessions. He thereby waived mere irregularities in the proceedings, and to avoid the effect of his plea was bound to establish the invalidity of the ordinance as a whole, or to show that his act was not prohibited by the valid part of the ordinance. He has done neither of these things, and therefore has no just cause to complain of the action of the court in affirming the judgment of the burgess.

The same result is reached, if we go outside the record and take the statement of his counsel that his act was "passing advertisements in said borough by placing the same in the vestibules of houses." This act was in violation of the latter part of the ordinance, which, for the reasons given in Philadelphia v. Brabender, must be held to be a reasonable regulation which the borough had power to make.

Judgment affirmed.