## ROSCHEN *v.* WARD, ATTORNEY GENERAL OF NEW YORK, ET AL.

## S. S. KRESGE COMPANY *v.* SAME.

Nos. 667 and 668. Argued April 10, 1929.—Decided April 22, 1929.

338

*Mr. Walter N. Seligsberg,* with whom *Mr. I. Maurice Wormser* was on the brief, for appellants.

*Messrs. Hamilton Ward,* Attorney General of New York, and *Henry S. Manley,* Assistant Attorney General, were on the brief for appellees.

MR. JUSTICE HOLMES delivered the opinion of the Court.

These are suits brought by dealers in eye glasses for an injunction prohibiting the enforcement of chapter 379 of the New York Laws of 1928, which amends the Education Law by inserting two sections, of which the material portion makes it unlawful to sell at retail in any store or established place of business ' any spectacles, eye glasses, or lenses for the correction of vision, unless a duly licensed physician or duly qualified optometrist, certified under this article, be in charge of and [in] personal attendance at the booth, counter or place, where such articles are sold in such store or established place of business.' The complainants moved for a preliminary injunction, a statutory court of three judges was convened and after a hearing the injunction was refused and the bills were dismissed on

the ground that no cause of action was shown. 29 F. (2d) 762.

The complainants sell only ordinary spectacles with convex spherical lenses, which merely magnify and which it is said can do no harm. The customers select for themselves without being examined and buy glasses for a relatively small sum. It is said that the cost of employing an optometrist would make the complainants' business impossible, and that in the common case of eyes only grown weaker by age the requirement is unreasonable. But the argument most pressed is that the statute does not provide for an examination by the optometrist in charge of the counter. This as it is presented seems to us a perversion of the Act. When the statute requires a physician or optometrist to be in charge of the place of sale and in personal attendance at it, obviously it means in charge of it by reason of and in the exercise of his professional capacity. If we assume that an examination of the eye is not required in every case, it plainly is the duty of the specialist to make up his mind whether one is necessary and, if he thinks it necessary, to make it. We agree to all the generalities about not supplying criminal laws with what they omit, but there is no canon against using common sense in construing laws as saying what they obviously mean. Moreover, as pointed out below, wherever the requirements of the Act stop, there can be no doubt that the presence and superintendence of the specialist tend to diminish an evil. A statute is not invalid under the Constitution because it might have gone farther than it did, or because it may not succeed in bringing about the result that it tends to produce.

Of course we cannot suppose the Act to have been passed for sinister motives. We will assume that there are strong reasons against interference with the business as now done—but it is obvious that much good would be ac-

complished if eyes were examined in a great many cases where hitherto they have not been, and the balancing of the considerations of advantage and disadvantage is for the legislature not for the Courts. We cannot say, as the complainants would have us say, that the supposed benefits are a cloak for establishing a monopoly and a pretence.

*Decree affirmed.*