*296 OPINION.
Sea well :
The record shows that the petitioner, during the year 1924 and for a considerable time prior thereto, and continuously thereafter up to and throughout the year 1927, was the owner of a certain lot in the City of Seattle, Washington, which property was improved *297 with a three-story and basement brick building. It is further shown that the building was erected prior to 1913 and on March 1,1913, had a fair market value of $34,500 and on that date had a reasonable expectancy of usefulness of twenty years. This building was demolished during 1927 and no salvage value was realized therefrom.
The petitioner charged and was allowed as a deduction, in determining her taxable income, depreciation sustained up to October 1, 1924, at the rate of 5 per cent per annum, amounting to a total of $18,837.50, leaving a residual value for the building on October 1, 1924, of $15,662.50.
The issue for our determination is whether the petitioner in computing her 1927 taxable income is entitled to deduct the residual value of the building, or, if not, if she is entitled to deduct the 5 per cent depreciation for that year. We will consider first petitioner’s claim for deduction of the residual cost or value of the building.
The record shows that the petitioner, under date of October 6, 1924, leased the lot in question to a corporation (Third Avenue Investment and Building Company) for a period of 99 years from October 1, 1924, the terms of the lease requiring that the lessee not later than January 1, 1928, should commence the construction of a fireproof four-story building, with a full basement thereunder; that said building should be completed and ready for occupancy as speedily as possible thereafter within reason, and should cost and have a fair value when completed of not less than $100,000 and be entirely free from mechanics’, labor or other statutory liens. Numerous provisions — as appear from our findings of fact — were embodied in the lease, indicating advantages that were to accrue and be protected and preserved to the petitioner. The terms of the lease in full are not disclosed. It is stated in paragraph 8 of the lease that nothing therein shall be construed to modify paragraph 37 thereof, which paragraph is not embodied in the stipulation of facts, nor disclosed by the record. The record shows, however, that the $100,000 building provided for in the lease must be in substantial accordance with the plans and specifications approved by the petitioner and must be entirely on the petitioner’s lot, and that before demolishing or to any degree removing or wrecking tire then existing building on the premises, the lessee would have to execute and deliver to the petitioner a surety bond, with numerous provisions, satisfactory to the petitioner and fully protecting her rights and interests.
Paragraph 10 of the lease provided: “Any and all building or improvements erected upon said demised premises, with their appurtenances, shall at once become a part of the freehold, free of all claims thereon or rights or interests therein on the part of the lessee, *298 except as in this lease provided.” Counsel for respondent, in support of his contention that the petitioner in computing her 1927 taxable income may not deduct the unextinguished or residual value of the building, cites and relies on the principle upon which our decision in Anahma Realty Corp., 16 B. T. A. 749 (affirmed in 42 Fed. (2d) 128; certiorari denied, 282 U. S. 854), was based. For the petitioner it is insisted that our decision in the Anahma Realty Corp. case supra, was predicated simply on our previous decision in Charles N. Manning, 7 B. T. A. 286, in which case the petitioner herein asserts there were several features not established by the record in the instant case. In our opinion, however, the differences between the Manning case, supra, and the instant case are not of such a character as to make inapplicable to the instant case the principle applied in our decisions in the other two cases cited.
In the concluding portion of the opinion in Anahma Realty Corp., supra, (42 Fed. (2d) 128), the court said:
* * * There was necessarily contained in the lease permission on the part of the appellant to permit the lessee to destroy the old buildings. The acquisition of something from which income will be derived in the future has a value in money’s worth in the same sense as something which will produce income in praesenti; there was a compensating value for the loss of the buildings which must be recognized as having money’s worth. There was a substitution of assets rather than a loss sustained in the destruction of the buildings.
In the instant case, the terms of the 99-year lease as set forth indicate that the then existing building on the premises leased would be demolished, provisions of the lease requiring that before demolishing the building a surety bond, satisfactory to the petitioner, for the construction and completion of the specified new building, would have to be executed and delivered. The record fails to show at what time in 1927 the building on petitioner’s lot was demolished.
We are of the opinion, and so hold, that the respondent committed no error in refusing to allow, as a deduction in computing petitioner’s 1927 taxable income, the depreciated or unextinguished value of the building as of October 1, 1924, in the amount of $15,662.50. Such determination is in accord with our decisions in Anahma Realty Corp., supra; and Mary C. Young, 20 B. T. A. 692 (affd., 59 Fed. (2d) 691), and is controlled thereby. It is insisted in behalf of the petitioner that if she is not entitled to a deduction of the entire amount of the unextinguished or residual value of the building as of October 1, 1924, nor the residual value depreciated to January 1, 1927, she is in any event entitled to deduct annual depreciation at the rate of 5 per cent in the amount of $1,725.
The record shows no depreciation was claimed by the petitioner from October 1, 1924, to December 31, 1926, and that the respondent *299 allowed her for the year 1927 one ninety-ninth of the unextin-guished value ($15,662.50) as of October 1, 1924, in the amount of $158.21. Under Weiss v. Wiener, 279 U. S. 338, such unextinguished or residual cost or value may not be taken as a deduction by the lessee, such lessee not being the owner of the property leased. Under such circumstances, it is argued in behalf of petitioner that it is only logical and just that depreciation should be.allowed the lessor, the petitioner, in the instant case. That some deduction should be allowed petitioner herein does seem to us right and proper, namely, the one ninety-ninth of the unextinguished value of the building as of the effective date of the lease, which the respondent did allow.
The record does not disclose at what date the building on the lot was demolished. The stipulation shows, however, that the lessee entered into possession of the premises under date of October 1, 1924, and that it or its assigns at all times since remained in possession thereof and that the demolition of the building “ occurred and was completed in the year 1927, and that no salvage value whatsoever was realized by petitioner therefrom.” What rental, if any, may have been paid the lessor, petitioner, by the lessee prior to the actual demolition of the building by the latter is not disclosed by the record.
In the circumstances, there being no evidence adduced which is, in our opinion, sufficient to overcome the presumption of the correctness of the respondent’s determination as indicated in his notice of deficiency, we must and do approve the same. We are also of the opinion that without additional evidence there is no proper basis for allowing an increase in the deficiency as heretofore determined by the respondent and any increase in deficiency is denied.

Judgment will be entered for the respondent.