## Commonwealth v. Chalmers et al.

R. A. *Speiser*, for Commonwealth.

A. H. *Levitan* and I. W. *Backman*, for defendants.

SLOANE, J., October 26, 1950.—There are three defendants here. They appeal from summary convictions by a magistrate. Two of the defendants, Ned Chalmers and Marvin Thol, were charged with a violation of a Fairmount Park regulation and disorderly conduct. The third defendant, Sherwood Weissman, was charged with a violation of an ordinance of 1900 of the City of Philadelphia.

1. As to Chalmers and Thol. The Fairmount Park regulation here involved reads:

"No placard, advertisement, public notice, or personal card, except park notices, rules and regulations, shall be distributed, posted or affixed in any manner in the parks."

Chalmers and Thol were arrested while distributing circulars to patrons of Robin Hood Dell at the entrance gate, circulars of protest against our participation in Korea, circulars odious in import and false in direction; yet they strike us as the "poor and puny anonymities" of addled and misled minds, without understanding of the great principle of the Constitution they now invoke. But we shall not sacrifice our very selves to their mean smallness, and we shall give them their due under law.

If ever we were of two minds on the subject, it is plain now that a regulation such as this park regulation is invalid under the circumstances here presented,[1] as an unconstitutional restraint upon the freedom of speech. This conclusion comes from a clear recognition of the judgment of our highest court on similar enactments of local governing bodies in Los Angeles, Calif.; Milwaukee, Wisc.; Worcester, Mass., and Irvington, N. J. See Schneider v. State, 308 U. S. 147. See also Lovell v. City of Griffin, 303 U. S. 444; Hague et al. v. Committee for Industrial Organization et al., 307 U. S.

---

[1] The park regulation appears to be valid as to commercial activities. See Valentine v. Chrestensen, 316 U. S. 52. See also Commonwealth v. Kimball, 299 Mass. 353.

496, 514-16; Jamison v. Texas, 318 U. S. 413. That high court has given assertion and reassertion to the precious and central idea of free speech in situations that go further than this case, and are therefore, twice relevant: Murdock v. Pennsylvania (City of Jeannette), 319 U. S. 105; Martin v. Struthers, 319 U. S. 141; Marsh v. Alabama, 326 U. S. 501. A reference to these decisions, without going into paragraph and verse, seems to me to be enough; the path is flared; I might strive, but only to repetition and without parturiency.

Chalmers and Thol were charged also with "disorderly conduct": 18 PS §4406-07. Under these sections of the Criminal Code of June 24, 1939, P. L. 872, to be guilty, one must make "wilfully", "any loud, boisterous and unseemly [2] noise", or "by using obscene or profane language, disturb(s) and annoys(s) . . . a visitor at any public . . . park, . . . whereby, the public peace is broken or disturbed, or the public annoyed . . ." The best evidence of the Commonwealth is: As patrons of the dell approached the entrance gate, defendants handed them circulars; there was an approach of park guards; a group of dell patrons collected around defendants, and either they refused to give their names, or their correct names, to the arresting officers. There is no evidence that defendants were loud or boisterous or that they used obscene or profane language, or that they disturbed or annoyed any patron of the dell or other visitor to the park. That the onlookers got to be a crowd is to be ascribed to the instinct of curiosity rather than to defendants' behavior. Defendants' convictions on the charge of disorderly conduct must be set aside; they were not disorderly within the pertinent sections of the Criminal Code: Commonwealth v. Cooper et al., 95 Pa. Superior Ct. 382.

---

[2] "Unseemingly" in section 4407 of the Purdon text.

2. As to Weissman. At the time of his arrest (Weissman was engaged in the distribution of circulars similar to those handed out by the other defendants. He did this on a city street, and was charged with a violation of a City of Philadelphia ordinance of March 31, 1900 (Ordinances and City Solicitor's Opinions 1900, p. 98):

"To cast, or place on the streets of the city, or on the footways thereof, or into the vestibules or yards, or upon the porches of any dwellings or other building within the limits of the city, any paper, advertisements, handbills, circulars or waste paper. Any person or persons violating any provision of this ordinance shall forfeit and pay the sum of Twenty (20) Dollars . . . Provided, that nothing herein contained shall be held to apply to newspapers and addressed envelopes."

As can be seen from reading it, the ordinance has to do not with distribution but with the throwing of circulars, handbills and like material on streets and byplaces. It reaches those who by their conduct have little or no regard for the clean highway. And so, this very ordinance has been held to be a proper and reasonable exercise of the power of the municipal authorities: Philadelphia v. Brabender, 201 Pa. 574, affirming the Superior Court, 17 Pa. Superior Ct. 331. See In re Appeal of E. J. White, 85 Pa. Superior Ct. 502, 507; Commonwealth v. Jackson (No. 1), 34 Pa. Superior Ct. 174; and compare with Commonwealth v. Jackson (No. 2), 34 Pa. Superior Ct. 178. Construing the ordinance as an effective protest against littering, it becomes a valid restraint upon wrong conduct, and "Prohibition of such conduct would not abridge the constitutional liberty since such activity bears no necessary relationship to the freedom to speak, write, print or distribute information or opinion": Mr. Justice Roberts in Schneider v. State, supra, p. 161. That is a reasonable interpretation of the ordinance and makes

it good. See Kovacs v. Cooper, 336 U. S. 77, 85; Chambersburg v. Porter, 82 Pa. Superior Ct. 421, 425. We should take care not to condemn an enactment out of hand, and without wangling a rationalization; we should not draw our reasoning so tight as to conclude that since distribution of circulars or pamphlets may result in littering, distribution may be enjoined. Cf. Commonwealth v. Sardock, 88 Pitts. L. J. 645; Commonwealth v. Ash, 31 D. & C. 369, 371. Our perception neither hardens into a rigid outline nor denies reality. (There is "no canon against using common sense": Roschen v. Ward et al., 279 U. S. 337, 339). "Any burden imposed upon the city authorities in cleaning and caring for the streets as an indirect consequence of such distribution results from the constitutional protection of the freedom of speech and press": Schneider v. State, supra, p. 162.

The evidence against Weissman makes it clear that at the time of his arrest he was engaged in the distribution of noncommercial circulars. There was also evidence to prove that some of the pedestrians to whom he handed the pamphlets threw them on the ground. But the ordinance does not apply to either such situation; validly construed, it would apply where Weissman himself threw the pamphlets on the street.. As to this, there is no persuasive evidence on the record. One of the arresting officers, on being asked whether he had seen Weissman drop any circulars on the street, replied categorically that he had not. The other arresting officer testified that some pedestrians had refused the circulars, but this must be taken in conjunction with the testimony that pedestrians had been handed the circulars, and some of them let them fall or threw them to the ground. Weissman testified that he handed circulars to persons who looked at them and threw them on the street. On the basis of such evidence, it cannot be concluded that Weissman violated the city ordinance. Accordingly, his conviction also must be set aside.

*Order*

And now, October 26, 1950, the summary convictions of defendants are reversed and set aside, and restitution of the fines and costs paid by them is ordered.