VALERIE JOHNSON *et al.*, Petitioners-Appellees, *v.* CECIL A. PARTEE, Treasurer of the City of Chicago, *et al.*, Defendants—(Illinois Bell Telephone Company, Defendant-Appellant).

First District (3rd Division)   No. 82—3139

Opinion filed September 21, 1983.—Supplemental opinion filed on denial of rehearing January 11, 1984.

Thomas P. Hester, James R. Bryant, Jr., Robert Guritz, Michael J. Karson, and John T. Lenahan, all of Chicago, for appellant.

Leonard E. Handmacher, Sidney Z. Karasik, and Seymour Schriar, all of Chicago, for appellees.

JUSTICE O'CONNOR delivered the opinion of the court:

Plaintiffs filed this taxpayers' derivative action for injunctive and other relief in the name of the city of Chicago, challenging the city's payment of an additional charge which defendant-utilities, Commonwealth Edison Company, Illinois Bell Telephone Company and The Peoples Gas, Light & Coke Company, passed on to their customers pursuant to section 36(a) of the Public Utilities Act (Ill. Rev. Stat.

1981, ch. 111²/₃, par. 36(a)) for the city's own utility taxes as well as 3% to cover the costs of accounting and collection. The trial court entered a preliminary injunction enjoining the alleged illegal payments to the defendants in the form of additional charges for the city's own utility taxes and for accounting costs. The gas (Peoples) and electric (Edison) utilities eventually settled out and the suit proceeded against Illinois Bell (Bell), appellant herein. The preliminary injunction was made permanent as to Bell and partial summary judgment was also entered against it in a sum stipulated to be the amount of additional charges retained by Bell in conjunction with the collection from the city of its own message taxes on telephone service. Bell appeals from both portions of the trial court's order. We reverse.

Section 8—11—2 of the Illinois Municipal Code (Ill. Rev. Stat. 1981, ch. 24, par. 8—11—2) authorizes municipal governments to tax public utilities which supply service within the municipality at a rate not to exceed 5% of the utilities "gross receipts." Pursuant to section 36(a) of the Public Utilities Act, the utilities, in turn, are permitted to pass on the burden of this tax to each customer by charging an additional charge equal to the sum of (1) an amount equal to such municipal tax, or any part thereof, (2) 3% of such amount to cover accounting costs, and (3) an amount equal to the increase in taxes and other payments to governmental bodies resulting from the amount of such additional charge. Section 36(a) further provides that such additional charge "shall be made by the addition of a uniform percentage to the amounts payable for intrastate utility service in such municipality and shall be shown separately on the utility bill to each customer." Ill. Rev. Stat. 1981, ch. 111²/₃, par. 36(a).

Acting pursuant to the enabling provisions of section 8—11—2 of the Illinois Municipal Code, the city of Chicago adopted a series of municipal tax ordinances effective December 1, 1955, under which each of the utility defendants was obliged to pay the city, at varying rates applicable to each company, taxes on gross receipts derived by the utility from the sale and supply of their respective services to the city. Municipal Code of Chicago, sec. 132—3 *et seq.*; sec. 132—16 *et seq.*; and sec. 132—30 *et seq.*

Plaintiffs filed the instant derivative suit in the name of the city of Chicago in June of 1980, alleging that the city was exempt from paying the section 36(a) additional charge because public policy prohibited the city from paying a "tax to itself," seeking to enjoin Bell from billing the additional charge to telephone accounts maintained by the city and to enjoin the city from paying it. In addition, plaintiffs sought money judgments against Bell for lost interest earned on the

"taxes" which were allegedly collected from the city and remitted back to the city some months later, and for the 3% accounting cost reimbursement included in the additional charges paid by the city during an unspecified time in the past, and retained by Bell pursuant to section 36(a).

Bell moved to dismiss plaintiffs' complaint, averring, among other things, that the legal incidence of the Chicago Message Tax is on Bell and that the General Assembly, by the enactment of section 36(a), expressly authorized Bell to pass on the economic burden of the tax to "each customer" without exception for local government units. Bell further averred that the city, as a "customer" of Bell, was therefore liable under section 36(a), not for the payment of a "tax," but for an additional charge for the utility service.

In a lengthy memorandum of decision, the trial court conceded that the literal interpretation of the term "customer" for purposes of the Public Utilities Act would apply to *any* "purchaser" of a utility's service, including the city. Nonetheless, the court denied Bell's motion to dismiss based on its belief that the General Assembly, when it enacted section 36(a), did not intend that the city, as the taxing body, should pay additional charges for its own taxes.

Thereafter, the parties stipulated to certain facts: plaintiffs stipulated that Bell remitted the city message tax due on the city's accounts prior to the time that the city paid its telephone bills, effectively conceding their "lost interest" claim, and the parties stipulated that Bell retained only the 3% accounting cost reimbursement included in the section 36(a) additional charges paid by the city, and that for the period from January 1, 1970, through August 21, 1981, such accounting cost reimbursement totaled $63,621.02.

Bell then moved for summary judgment on the "lost interest" claim and plaintiffs, in turn, moved to make the preliminary injunction permanent and for summary judgment against Bell in the amount of $63,621.02. It is from the granting of these motions that Bell now appeals.

■ The plain language of section 36(a) mandates that the additional charge authorized thereunder shall be made by the addition of a "uniform percentage" to the amounts payable and shall be shown separately on the utility bill to "each customer." Our supreme court has recently stated that local government units are "concededly utility customers for the purposes of the Public Utilities Act" (*Waukegan Community Unit School District No. 60 v. City of Waukegan* (1983), 95 Ill. 2d 244, 259, 447 N.E.2d 345) and that the General Assembly, in enacting section 36(a), authorized the transfer of the economic burden

of the municipal utility tax "to *all* utility customers" including local government units. (Emphasis added.) (*Waukegan Community Unit School District No. 60 v. City of Waukegan* (1983), 95 Ill. 2d 244, 260.) That court also made clear that the section 36(a) additional charge is not a "tax" but a " '*** charge' for utility service." 95 Ill. 2d 244, 256; see also *Sullivan v. Commonwealth Edison Co.* (1983), 115 Ill. App. 3d 560, 565, 450 N.E.2d 1191; *City of Naperville v. Department of Revenue* (1982), 103 Ill. App. 3d 312, 431 N.E.2d 54, *appeal denied* (1982), 91 Ill. 2d 560.

Nevertheless, plaintiffs urge this court to uphold the "exception" from the additional charge which was "implied" by the trial court in order to accomplish a perceived legislative purpose of protecting the city, as the taxing body, from bearing the economic burden of its own tax. A similar attempt to imply an exemption for local government units from bearing the economic burden of taxes was rejected, however, in *Berwyn Lumber Co. v. Korshak* (1966), 34 Ill. 2d 320, 215 N.E.2d 240, wherein the court stated:

> "If the intention of the General Assembly was to make the exclusion [from Retailers' Occupation Tax] depend upon more remote economic effects [on government bodies] it has not said so, and courts are not at liberty to enlarge the scope of plain provisions in order to more effectively accomplish the general purpose." 34 Ill. 2d 320, 323.

We believe that if the legislature intended to exempt municipalities, as customers, from bearing the economic burden of their own utility taxes, it would have expressly exempted them from paying the section 36(a) additional charge, and until section 36(a) is so amended, Bell, being subject to such taxes, must continue to spread the passed-on charge uniformly among all customers.

The judgment of the circuit court of Cook County is reversed and the cause remanded for further proceedings in conformity with the views herein expressed.

Reversed and remanded.

McNAMARA, P.J., and McGILLICUDDY, J., concur.

SUPPLEMENTAL OPINION ON DENIAL OF REHEARING

JUSTICE O'CONNOR delivered the opinion of the court:

■ Subsequent to the filing of this opinion, plaintiffs filed a petition for rehearing arguing that this court failed in its opinion to

address the fact that the city of Chicago has amended its three utility tax ordinances, beginning with its message tax ordinance in 1978, to exclude from the definition of "gross receipts" any consideration paid by the city for its own usage, thus leaving in serious doubt the continued validity of the city's ordinances without expressly so holding. In addition, both Peoples Gas and the city filed petitions for leave to intervene for the purpose of filing petitions for rehearing, and Commonwealth Edison filed a motion for leave to appeal as *amicus curiae*. All of the parties now attempt to raise essentially the same issue: Whether section 36(a) of the Public Utilities Act (Ill. Rev. Stat. 1981, ch. 111²/₃, par. 36(a)) must be construed to require a utility to impose the additional charge on a taxing municipality whose payments for intrastate utility service have been entirely excluded from the gross receipts subject to the applicable municipal taxing ordinance.

We note that this issue was never decided by the trial court, nor was it properly before us on appeal. Our holding is therefore limited to reversing the injunction against Bell and the summary judgment against Bell for charges previously collected pursuant to section 36(a). The cause is remanded to the circuit court for a determination of the effect of the amended ordinances.

McNAMARA and McGILLICUDDY, JJ., concur.