**In re Leonard W. HOUSTON, Debtor.**

**Bankruptcy No. 79 B 10229 (HCB).**

United States Bankruptcy Court,
S.D. New York.

Dec. 30, 1983.

---

### DECISION AND ORDER

HOWARD C. BUSCHMAN III, Bankruptcy Judge.

Pursuant to § 1307(b) of the Bankruptcy Code ("Code"), 11 U.S.C. § 1307(b) (1978), the debtor, Leonard W. Houston, requests dismissal of his Chapter 13 proceeding. For the reasons set forth below, the request is denied.

### FACTS

The tortured history of this proceeding and the efforts of Ridgewood Savings Bank to lift the automatic stay provided by § 362(a) of the Code so that it can proceed with foreclosure proceedings with respect to its mortgage on the debtor's home are set forth in the Decision of this Court reported at 32 B.R. 584 (Bkrtcy.S.D.N.Y.1983). Familiarity with that decision is assumed but, for purposes of clarity, we recite some of the salient events of the sorry saga.

Briefly, this proceeding was begun in November, 1979, after the bank commenced a

foreclosure action. Since then, the debtor has paid not one farthing of the post-petition amounts due under the mortgage. The plan was confirmed in December, 1979, and an amended plan was confirmed in May, 1980. In December, 1981, the bank commenced an adversary proceeding to vacate the automatic stay. Judgment on default was entered and a motion to vacate same was denied. An appeal was taken, the case put on the suspense calendar and the bankruptcy court directed to make findings of fact and conclusions of law regarding the denial of the motion to vacate. Because the matter was assigned to the undersigned who did not hear the original motion, a second hearing was held. Upon due consideration, findings of fact and conclusions of law sustaining the denial of the motion to vacate were made. Supplemental appellate briefs were filed and the matter is now fully submitted on appeal.

Notwithstanding having had more than his full day in court on this proceeding, Houston filed a second Chapter 13 proceeding in the United States Bankruptcy Court for the Eastern District of New York on November 21, 1983. The principal asset listed is his home, mortgaged to the bank. The three creditors listed by the debtor in that proceeding are listed by him in the proceeding before this Court. The debts alleged to be owed to those creditors differ in amount but arise from the same transactions identified in the petition before this Court. Notwithstanding this Court's having denied Houston's motion for a stay of the bank's foreclosure action pending his appeal and notwithstanding the stay of his duplicative proceeding filed in the Eastern District by virtue of the pendency of this proceeding, as provided in Rule 1014(b) of the Rules of Bankruptcy Procedure, Houston has claimed that his new filing has stayed the state court foreclosure action. He now seeks to dismiss the action pending in this Court.

## DISCUSSION

Although § 1307(b) of the Code commands the Court to dismiss a Chapter 13 case on request of the debtor at any time, "it is not to be construed in derogation of the Court's inherent power to prevent the abuse and misuse of the judicial process where pleadings are filed in bad faith." *In re Whitten*, 11 B.R. 333, 4 C.B.C.2d 817, 826 (Bkrtcy.D.C.1981). Exactly such an abuse would occur here were Houston's request granted.

■ The right of a debtor to dismiss and his inability to waive that right stems from the wholly voluntary nature of Chapter 13 which

is carried to its logical conclusion by section 1307, which permits the debtor to convert the chapter 13 case to chapter 7 at anytime, to convert to chapter 11 at any time prior to confirmation, or to have the chapter 13 case dismissed.

5 Collier on Bankruptcy, ¶ 1307.01[1] (15th ed. 1981). But it in no way infringes on the voluntariness of Chapter 13 for this Court to deny dismissal of the earlier filed of two cases. The debtor's desire to have a Chapter 13 proceeding will not be infringed; his first proceeding, concerning the same creditors, will still be pending before this Court. The debtor will only be prevented from causing delay and anguish to his principal creditor in his second Chapter 13 proceeding of the type it encountered in this proceeding. If, on the other hand, dismissal were granted, the debtor would still be in Chapter 13, although in a different court, seeking the benefits of that chapter with respect to the debts before this Court. His absolute right to be in Chapter 13 or not to be in Chapter 13 is thus not affected by denial of his request.

■ Moreover, to grant the relief sought here would constitute an abuse that Congress could not have allowed in authoring § 1307(b). If anything, Rule 1014 indicates that Congress desired a debtor, if he desires to be in Chapter 13, to stay with the first filed proceeding. As Mr. Justice Holmes counseled long ago, "There is no canon against using common sense in construing laws in saying what they obviously mean." *Roschen v. Ward*, 279 U.S. 337, 339, 49 S.Ct. 336, 73 L.Ed. 722 (1929). Here it would

make no sense to attribute to Congress an intention to permit a debtor, who has forestalled his creditors over the course of a four-year proceeding until the point when the issue of vacating the automatic stay is fully submitted on appeal, abruptly to dismiss that case so that a duplicative proceeding could go forward from the beginning and subject the creditors again to the very same process which they have already suffered through once in this Court. Rule 1014(b), on its face, protects against such an abuse; the speed commanded by § 362(e) of the Code and Rule 4001(b) in handling automatic stay motions counsels against it and § 1307(b) is not to be read to permit it.

Indeed, it can be inferred from § 1307(b) itself that Congress sought to protect against the abuse sought here. Had it desired that a Chapter 13 debtor be able to dismiss without any constraint, it could have simply enabled him to file a voluntary dismissal. Instead, it required court review of the request, presumably to prevent exactly what is attempted here.

This is an unusual case. If a debtor desires to dismiss a Chapter 13 case and to be subject to state law debtor-creditor proceedings, that is his right. But he has no right to subject his creditors again to the process that has occurred here and to seek dismissal of this case in order to proceed with that duplicative Chapter 13 case. The debtor's request to dismiss is therefore denied.

It is SO ORDERED.