(No. 59736.

VALERIE JOHNSON et al., Appellants, v. CECIL A. PAR-TEE, City Treasurer, et al. (Illinois Bell Telephone Company, Appellee.)

*Opinion filed November 30, 1984.—Rehearing denied February 1, 1985.*

Sidney Z. Karasik, Leonard E. Handmacher, and Seymour Schriar, of Chicago, for appellants.

Thomas P. Hester, James R. Bryant, Jr., Robert Guritz, Michael J. Karson, and John T. Lenahan, of Chicago, for appellee.

JUSTICE GOLDENHERSH delivered the opinion of the court:

Defendant Illinois Bell Telephone Company appealed from the order of the circuit court of Cook County enjoining defendant from billing the city of Chicago for certain charges relating to its municipal utility tax and from the judgment entered upon allowance of plaintiffs' motion for summary judgment for the recovery of sums previously collected from the city. The appellate court reversed (120 Ill. App. 3d 232), and we allowed plaintiffs' petition for leave to appeal (94 Ill. 2d R. 315(a)). Involved is the construction of section 36(a) of the Public Utilities Act (Ill. Rev. Stat. 1981, ch. 111⅔, par. 36(a)), which, in pertinent part, provides:

> "Whenever a municipality pursuant to Section 8—11—2 of the Illinois Municipal Code, as heretofore and hereafter amended, imposes a tax on any public utility, such utility may charge its customers, in addition to any rate authorized by this Act, an additional charge equal to the sum of (1) an amount equal to such municipal tax, or any part thereof, (2) 3% of such tax, or any part thereof, as

the case may be, to cover costs of accounting \*\*\*. Such additional charge \*\*\* shall be shown separately on the utility bill to each customer."

The facts are adequately set forth in the opinion of the appellate court and will be restated only to the extent necessary to discuss the issues.

In their complaint plaintiffs, in this taxpayers' derivative action, alleged that the city was exempt from paying the charges provided in section 36(a). They sought to enjoin defendant from billing the additional charges to the city and to enjoin the city from paying them. They also sought a judgment against defendant for sums paid and for certain interest lost by reason of such payments.

The circuit court, holding that a common sense interpretation of the statute would indicate that it was not the legislative intent that the city pay a tax to itself, entered judgment in favor of the plaintiffs. The appellate court, relying primarily on *Waukegan Community Unit School District No. 60 v. City of Waukegan* (1983), 95 Ill. 2d 244, reversed. It concluded that because this court had held that the additional charge authorized by section 36(a) was not a tax but a charge for utility service, and the statute authorized the transfer of the economic burden of the municipal utility tax to all utility customers including local government units, the charge was properly paid by the city.

Plaintiffs contend that the appellate court's literal construction of the word "customer," requiring the city to pay an additional charge for its own taxes, results in an absurdity which the General Assembly could not have intended. They argue that the city, as the taxing body and recipient of the tax funds, is not a "customer" within the contemplation of section 36(a) of the Public Utilities Act. Defendant contends that the appellate court correctly held that the city is liable for the additional charge under the plain language of section 36(a),

that the additional charge is a utility "rate" and not a tax, and that only the General Assembly can exempt the city from paying such additional charge.

We do not agree with the appellate court that *Waukegan Community Unit School District No. 60 v. City of Waukegan* (1983), 95 Ill. 2d 244, is controlling in this case. While it is true that *Waukegan* held that section 36(a) of the Public Utilities Act authorized the transfer of the economic burden of the municipal utility tax to all utility customers, including local government units, it did not involve the question whether the municipal body which imposed the tax is itself required to pay the tax or any additional charge based thereon. Section 8—11—2 of the Illinois Municipal Code (Ill. Rev. Stat. 1983, ch. 24, par. 8—11—2) provides:

> "The corporate authorities of any municipality may tax any or all of the following occupations or privileges:
> * * * ."

Clearly, even though the burden of paying it may ultimately be passed on to the utility's customers as "additional charges," the municipality, under authority of section 8—11—2 of the Municipal Code, has levied a tax.

Defendant contends that, because section 36(a) does not exempt the taxing municipality from the payment of the additional charge authorized by section 36(a), the city must pay the additional charge. Conspicuously absent from defendant's argument is any authority which supports this contention. Defendant argues that "the Illinois Hotel Operators Occupation Tax is imposed on persons in the business of renting rooms to the public for sleeping quarters even if the person paying for the room may be a governmental agency or instrumentality." Assuming, *arguendo*, that this is so, defendant cites neither legislative enactment nor court decision authorizing this interpretation of the statute or indicating that the prac-

tice would withstand a specific challenge. Further, we note parenthetically that, unlike defendant here, the taxpayers are not authorized to bill the taxing authority for an additional charge for collecting the tax.

It is obvious that the elimination of the billing of the additional charge to the city would present no burdensome accounting problems because the statute provides:

> "Such additional charge *** shall be shown separately on the utility bill to each customer." Ill. Rev. Stat. 1981, ch. 111⅔, par. 36(a).

In *Roschen v. Ward* (1929), 279 U.S. 337, 339, 73 L. Ed. 722, 728, 49 S. Ct. 336, Mr. Justice Holmes, in upholding the denial of an injunction to enforce a New York statute, said:

> "We agree to all the generalities about not supplying criminal laws with what they omit, but there is no canon against using common sense in construing laws as saying what they obviously mean."

We find this language particularly apropos here. A common sense construction of section 36(a) would preclude the requirement that the taxing municipality pay the tax and thereafter pay a service charge to the utility for having received the tax money and then refunded it.

Defendant argues that "if municipalities are exempted from paying the section 36(a) additional charge by judicial implication, then a similar exemption must be implied for the State of Illinois and every agency of the Federal government. Otherwise, an unconstitutional classification would result." In support of this contention it cites *People ex rel. Holland Coal Co. v. Isaacs* (1961), 22 Ill. 2d 477. In *Holland*, this court held unconstitutional provisions of the Retailers' Occupation Tax Act and the Use Tax Act exempting from the measure of the tax the proceeds of sales to the State of Illinois and political subdivisions of the State. The rationale of the decision was

that such exemption was unconstitutional because it discriminated against the Federal government. In our opinion, the situation here is clearly distinguishable. The only "customer" not subject to the additional charge authorized by section 36(a) is the taxing municipality, a classification which we hold is not unreasonable.

For the reasons stated, the judgment of the appellate court is reversed, and the judgment of the circuit court is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*