**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 21, 2011

No. 11-30196

Lyle W. Cayce
Clerk

YUR-MAR, L.L.C.,

Plaintiff - Appellant

v.

JEFFERSON PARISH COUNCIL; JEFFERSON PARISH; NEWELL
NORMAND, Sheriff for the Parish of Jefferson,

Defendants - Appellees

---

JASON C. JAUME; MICHAEL J. BEECHER; OUR KINGDOM,
INCORPORATED; JOSEPH S. ANCONA, JR.; J.O.D., INCORPORATED,

Plaintiffs - Appellants

v.

JEFFERSON PARISH,

Defendant - Appellee

---

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-CV-3293

---

No. 11-30196

Before JONES, Chief Judge, HAYNES, Circuit Judge, and ENGELHARDT, District Judge.[*]

PER CURIAM:[**]

Appellants, owners and operators of businesses in a neighborhood of Metairie, Louisiana known as "Fat City," seek relief under 42 U.S.C. § 1983. Appellants contend that the zoning regulations made effective by an ordinance passed by the Jefferson Parish Council are arbitrary and capricious and the limitations placed on their businesses by the ordinance amount to an unconstitutional taking under the Due Process and Equal Protection Clauses of the Fifth and Fourteenth Amendments of the United States Constitution and their Louisiana state equivalents.[1]  We affirm.

## BACKGROUND

On September 22, 2010, the Jefferson Parish Council (the "Parish") passed Ordinance No. 23881 (the "Ordinance").  The Ordinance established new zoning regulations and design standards in a neighborhood of Metairie, Louisiana known as "Fat City."  The Ordinance covers the portions of Jefferson Parish enclosed in a four-block-wide perimeter bounded by Veterans Boulevard, West Esplanade Avenue, Severn Avenue, and Division Street.  The Ordinance created three zoning districts within Fat City: a pedestrian-core district, a residential mixed use district, and a commercial mixed use district.  Additionally, the Ordinance regulates the operation of stand-alone bars and other businesses

---

[*] United States District Judge for the Eastern District of Louisiana, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Appellants have not argued that there is any difference in the outcome of their case between the federal and Louisiana constitutional provisions at issue.  Like the parties, then, we discuss the federal and state issues together.

No. 11-30196

within the neighborhood. Most notably, such businesses must now close by midnight every day except for Friday and Saturday, when they must close by 1 a.m. They may not reopen until 11 a.m. the following day. The Ordinance also regulates noise levels, security, parking, and the external appearances of buildings in Fat City. For example, the Ordinance requires that bar owners install 24-hour time lapse surveillance cameras. It also requires property owners to remove litter found within 200 feet of their property lines, remove graffiti within 48 hours, maintain vegetation in a manner specified in the Ordinance, install soundproofing approved by the Parish, and report all suspicious activity to law enforcement.

The Ordinance was passed as part of the Envision Jefferson 2020 Comprehensive Plan adopted by the Parish on August 6, 2003, under which the Jefferson Parish Planning Department was authorized to draft and submit proposed amendments to the Jefferson Parish Code of Ordinances. The Ordinance here was developed during a series of public workshops held from 2008 through 2010 during which property owners, residents, and business owners from the surrounding community worked with Parish leadership to address the consequences of adult-oriented uses in the Fat City area, including higher crime rates, negative influences on children, physical blight, and reduced property values.

This appeal concerns two lawsuits filed and consolidated in the district court challenging the constitutionality of the Ordinance. Yur-Mar, L.L.C., operator of a Fat City bar, filed suit against the Parish and other defendants, challenging the zoning regulations based on the United States Constitution and state law. Subsequently, other Fat City business owners, Jason Jaume, Michael Beecher, Our Kingdom, Inc., Joseph S. Ancona, Jr., and J.O.D., Inc. filed a similar suit against the Parish, alleging that the zoning violates their rights under the Due Process and Equal Protection Clauses of the United States and

No. 11-30196

Louisiana Constitutions and 42 U.S.C. § 1983.  Plaintiffs in both suits sought permanent injunctions prohibiting the enforcement of the Ordinance, as well as monetary damages, punitive damages, interests, costs, and attorneys' fees.

The Parish filed a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  With Yur-Mar's consent, the district court dismissed all claims against the defendants other than the Parish. It then granted the motion to dismiss as to the Parish and denied the plaintiffs' motion for leave to amend.  This appeal followed.

## STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint when the plaintiff has failed to state a claim upon which relief can be granted.  This court reviews *de novo* a district court's decision to grant such a dismissal. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).  Accordingly, we apply the same standards as the district court did in evaluating the sufficiency of the pleadings.  In order to survive a 12(b)(6) motion to dismiss, a plaintiff's pleadings must allege "enough to raise a right to relief above the speculative level" with facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).  A facially plausible claim "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  The plaintiff need not provide detailed factual allegations, but the plaintiff must provide more than a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

No. 11-30196

## DISCUSSION

### I.    Taking Claim

The United States Constitution prohibits the taking of private property for public use without just compensation.  A plaintiff pleads a claim of per se taking where it alleges facts showing that the regulation (1) results in a permanent physical invasion of property or (2) deprives a property owner of all economically beneficial use of his land.  *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 538 (2005).  Appellants plead no facts that suggest either of these two categories apply, so they have not stated a claim of per se taking.

A balancing test applies to all regulatory takings that are not per se takings.  The Supreme Court has provided several factors for courts to consider, including (1) "[t]he economic impact on the claimant," (2) "the extent to which the regulation has interfered with the distinct investment-backed expectations," and (3) "the character of the governmental action."  *Penn Cent. Transp. Co. v. City of New York*, 438 U.S. 104, 124-25 (1978).  In addition, "some adverse effect on economic value will be tolerated in the interest of promoting the health, safety, welfare, or morals of a community."  *Tex. Manufactured Hous. Ass'n, Inc. v. City of Nederland*, 101 F.3d 1095, 1106 (5th Cir. 1996).  "[L]and-use restrictions or controls to enhance the quality of life by preserving the character and desirable aesthetic features of a city" are not generally takings.  *Penn Cent.*, 438 U.S. at 129.

Here, the limitations imposed by the Ordinance might have some adverse economic effect on Appellants' businesses by decreasing revenue and increasing costs.  However, most of Appellants' possessory rights are left intact under the Ordinance.  They are still able to operate bars and other businesses, as they did prior to the enactment of the new zoning rules.  They can continue to sell alcohol.  The Ordinance aims to promote the health,  safety,  welfare,  and morals of the

5

community by shutting down bars during the hours most closely associated with dangerously high amounts of intoxication, drunk driving, violent crimes, etc. As such, Appellants have failed to plead a "plausible" claim of unconstitutional taking.

## II.    Lack of Rational Basis Claim

Under both substantive due process and equal protection analyses, governmental actions involving social and economic regulation that do not interfere with the exercise of fundamental rights or rely upon inherently suspect classifications such as race, religion or alienage are presumed to be constitutionally valid. *City of New Orleans v. Dukes*, 427 U.S. 297, 303-04 (1976); *Williamson v. Lee Optical of Oklahoma*, 348 U.S. 483, 488 (1954). If no such right or classification is implicated by the constitutional challenge to the social and economic regulation, the court applies rational basis review that requires only that it "be rationally related to a legitimate state interest." *Dukes*, 427 U.S. at 303; *Lee Optical*, 348 U.S. at 490; *Hidden Oaks Ltd. v. City of Austin*, 138 F.3d 1036, 1044 (5th Cir. 1998). Indeed, "courts will not strike down state laws regulating economic and social concerns merely 'because they may be unwise, improvident, or out of harmony with a particular school of thought.' If the challenged classification bears a reasonable relationship to the accomplishment of some legitimate governmental objective, the statute must be upheld." *Anderson v. Winter*, 631 F.2d 1238, 1240-41 (5th Cir. 1980) (quoting *Lee Optical*, 348 U.S. at 488). A zoning decision violates substantive due process only if there is no "conceivable rational basis" under which the government might have based its decision. *Shelton v. City of College Station*, 780 F.2d 475, 477 (5th Cir. 1986).

By claiming that the Parish's zoning regulations of Fat City violate the business owners' due process and equal protection rights, Appellants challenge

the constitutionality of a social and economic regulation.  The regulation here is explicitly intended to "enhance property values, promote economic development, and provide identity and a sense of community for Fat City."  Such purposes easily serve as the rational basis for a municipal zoning ordinance.  Accordingly, the district court did not err when it found that Appellants were unable to plead a claim that the Parish lacked a rational basis for the Ordinance.

## III.   Arbitrary and Capricious Claim

Appellants argue that the Parish acted in an arbitrary and capricious manner in choosing the boundaries to which the Ordinance would apply and in granting exemptions from the Ordinance for certain properties within Fat City.  They additionally argue that the Ordinance counts as arbitrary "spot zoning" because the boundaries of the Fat City neighborhood governed by the Ordinance do not correspond to any other Parish or district line or natural waterway, and because the neighborhood is only four blocks wide.

Spot zoning is an arbitrary zoning action inconsistent with the comprehensive plan, character, or purposes of zoning in the surrounding area.  101A C.J.S. *Zoning & Land Planning* § 44 (1979).  Spot zoning typically refers to zoning requirements that affect only a single piece of property or a limited area, ordinarily for the sole or primary benefit of a particular property owner.  *Id.*  However, even in instances of spot zoning, differences in treatment of similarly situated properties by a zoning regulation need only pass rational basis review, unless the plaintiff can show that the differences relate to an inherently suspect classification.  *Jackson Court Condos., Inc. v. City of New Orleans*, 874 F.2d 1070, 1079 (5th Cir. 1989).  In other words, unless a suspect classification is implicated, spot zoning is valid as long as there is a rational basis for it.  *Id.*

In this case, the record before the district court shows that the Parish formulated the zoning regulations at issue as part of an overall plan for the

neighborhood of Fat City and the surrounding areas. The plan took into account the nature and character of Fat City, including its current property usage, crime rates, parking arrangements, noise levels, etc. An extensive public hearing process preceded the passage of the Ordinance by the Parish, a process in which Appellants were free to participate. Furthermore, Plaintiffs' complaints are devoid of any facts showing an obvious beneficiary of the Ordinance, other than the general community. Similarly, they pleaded no facts showing a targeting of individual owners.

Appellants' allegations about the arbitrariness of the Ordinance's geographical boundary lines fail to provide facts supporting the conclusion that a constitutional violation occurred. They point out that businesses located across the street from certain Fat City businesses will fall outside of the Ordinance's boundaries and thus, not be regulated in the same way. While this fact is uncontested, it is also irrelevant here. Zoning ordinances frequently involve geographical boundaries.[2] Such boundary lines must be drawn somewhere and not all communities will have waterways and other "natural" boundary lines. Thus, no matter where the line is drawn, there will necessarily be properties not governed by the regulation on the other side of that line. If the existence of non-ordinance-bound properties across the street from ordinance-bound properties was sufficient to show that a zoning regulation was arbitrary and capricious, then most geographical zoning regulations within a particular jurisdiction would fail this legal test. The logical upshot that Appellants overlook is that their argument is an argument against geographical zoning generally, not the Ordinance specifically. Neither case law nor sound policy support this argument.

---

[2] Some zoning ordinances might regulate solely according to use, but that is by no means the only type of zoning generally deemed to pass constitutional muster.

No. 11-30196

Without more, Appellants fail to plead sufficient facts supporting their claims. *Twombly*, 550 U.S. at 570. Consequently, the district court did not err in dismissing this case.

AFFIRMED.